■ MOOSA EBRAHIMIAN, Respondent, v CHAMPION LEATHER CORP., Appellant.—Order, Supreme Court, New York County, entered February 14, 1979, as modified by order dated March 21, 1979, denying defendant's motion to vacate default judgment, is unanimously reversed, in the exercise of discretion, and said default judgment is vacated and defendant is granted leave to serve its verified answer contained in the record on appeal on condition that within 20 days after service of the order entered hereon, and simultaneously with the service of its answer, defendant shall pay to plaintiff $250 in costs in addition to the costs and disbursements of this appeal; and should such payment of costs not be made as specified, the order is affirmed, with costs. While defendant's affidavit of merits leaves much to be desired, the default arises from service of an answer two days late. We are reluctant to deprive defendant of its opportunity to defend the case and to impose so severe a penalty as a default judgment for $34,576 for so minor a default. On the other hand, particularly in view of the conclusory nature of the showing of merits by defendant, some sanction for the default is appropriate. Our present determination is no indication of our views as to whether defendant has presented an issue of fact sufficient to defeat a motion for summary judgment if made. Concur—Murphy, P. J., Birns, Markewich, Lupiano and Silverman, JJ.

■ IDEAL TOY CORPORATION, Respondent, v BANK OF TOKYO TRUST COMPANY et al., Defendants, and WHITEHALL FINANCE, LTD., Appellant.—Order, Supreme Court, New York County, entered on June 11, 1979, affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur—Fein, J. P., Bloom and Ross, JJ.

Silverman and Yesawich, JJ., dissent in the following memorandum by Silverman, J.: We would reverse the confirmation of the attachment against defendant-appellant Whitehall Finance, Ltd. and would vacate the attachment as against that defendant. On the facts of this case we do not think that respondent has met the requirement of CPLR 6212 (subd [a]) of showing "that it is probable that the plaintiff will succeed on the merits" as against this defendant-appellant.